IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Edward R. Spears a/k/a Edward Rodney Spears, | ) ) ) | C/A No.: 4:11-1717-TLW-SVH |
| Plaintiff, | ) ) | |
| vs. | ) ) | REPORT AND RECOMMENDATION |
| Florence Magistrate Court, civil dept; Judge Neon Langely; Judge Eugene Cooper, and Constable Eaddy, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff, proceeding pro se and in forma pauperis, filed this lawsuit, which as construed as brought pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the Complaint in this case without prejudice and without issuance and service of process.

I.  Factual Background

Plaintiff claims that several judges and an employee of the Florence County Magistrate Court violated his rights in connection with a landlord/tenant case that was heard on May 5, 2011. [Entry #1 at 3]. Plaintiff alleges defendants Langley and Cooper showed favoritism to his landlord (the plaintiff in the state case) and wrongfully evicted him from his residence. *Id*.  According to his complaint, Plaintiff's side of the facts was

not heard, even though he had a witness present and a statement from another witness. *Id*. Plaintiff further alleges that an employee of the state court violated a court confidentiality policy by calling his former landlord to tell her that he was appealing the eviction case. *Id.* Finally, Plaintiff claims defendants Eaddy and Cooper wrongfully barred him from the court when he tried to question non-party Hicks Harwell. *Id.* Plaintiff seeks damages of $2000 for his cost of relocation and $5000 for "emotional distress and the pain of being wrongfully evicted." [Entry #1 at 4].

II.     Discussion

   A.     Standard of Review

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the

development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

Plaintiff's claims against the Florence Magistrate Court and Magistrate Judges Langley and Cooper, based on the outcome of the May 5, 2011 eviction case, are subject to summary dismissal pursuant to the *Rooker-Feldman* doctrine. The proceedings and rulings made in the Florence Magistrate's Court cannot be reviewed or set aside by the United States District Court for the District of South Carolina in this case. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476–82 (1983) (a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257.). *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This prohibition on review of state court orders by federal district courts is commonly referred to as the *Rooker-Feldman* doctrine. *See, e.g., Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544

U.S. 280 (2005); *Davani v. Va. Dep't of Transport.*, 434 F.3d 712 (4th Cir. 2006). Because the *Rooker-Feldman* doctrine is jurisdictional, it may be raised by the Court *sua sponte*. *American Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003). According to the Fourth Circuit, "the *Rooker-Feldman* doctrine applies . . . when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani*, 434 F.3d at 713. In the instant case, Plaintiff was the loser in the state court action and seeks damages allegedly caused by the outcome of the case.

Plaintiff's claim for damages for alleged federal constitutional violations by various court personnel does not alter the fact that Plaintiff is attempting to have this court review the proceedings that took place before the Florence County Magistrate Court. Plaintiff claims that he has been injured by the state court's decision. To rule in favor of Plaintiff would, necessarily, require this court to overrule (or otherwise find invalid) various orders and rulings made in the Florence County Magistrate Court. *See Willner v. Frey,* No. 06-1432, 2007 WL 222778 (4th Cir. August 3, 2007). Such a result is prohibited under the *Rooker-Feldman* doctrine. *Davani*, 434 F.3d at 719–20; *see Exxon*, 544 U.S. at 293–94. Therefore, because the *Rooker-Feldman* doctrine applies to bar Plaintiff's claims against defendants Florence Magistrate Court, Langley, and Cooper, the undersigned recommends Plaintiff's Complaint against these defendants be summarily dismissed.

Plaintiff's claim against Judges Langley and Cooper are also barred by the doctrine of judicial immunity. The Fourth Circuit has previously addressed the doctrine of absolute immunity for judges as follows:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption. . . . The rule is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972) (citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well-established and widely-recognized. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction"); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985 ) (absolute immunity "is an immunity from suit rather than a mere defense to liability"). Langley's and Cooper's decisions regarding Plaintiff's eviction case are part of their judicial functions as members of the State of

South Carolina's judiciary. Additionally, defendant Cooper was exercising his judicial responsibilities to control actions of litigants within the court when he stopped Plaintiff's questioning of Hicks Harwell, a non-party. Therefore, Defendants Langley and Cooper are also entitled to summary dismissal based on judicial immunity.

Defendant Eaddy is a constable working for the Florence County Magistrate Court. She is protected from suit by the doctrine of absolute quasi-judicial immunity. Absolute quasi-judicial immunity extends to non-judicial officers "performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994); *Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980); *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994). This immunity extends to subordinate officials for "functions that are more administrative in character [that] have been undertaken pursuant to the [judge's] explicit direction." *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992). The basis for affording non-judicial officials absolute immunity is to prevent them from becoming a "lightning rod for harassing litigation aimed at judicial orders" which would inevitably result in tension between the courts and those officials duty-bound to enforce the courts' orders and assist in the courts' business. *Valdez v. City and County of Denver*, 878 F.2d 1285, 1289 (10th Cir. 1989) (internal quotes omitted). Absolute immunity, therefore, extends to protect, among others, clerks of court, law enforcement officers, and others who enforce court orders. *See, e.g., Foster v. Walsh*, 864 F.2d 416, 417–18 (6th Cir. 1988) (clerk of court absolutely immune for issuing erroneous warrant pursuant

to court's order). Defendant Eaddy is protected from suit in this instance, as she was aiding Cooper in protecting non-party's from Plaintiff's questioning. Therefore, it is also recommended that defendant Eaddy be dismissed from suit.

Plaintiff's claim against the Florence Magistrate Court "civil department" should also be dismissed. Plaintiff claims that an employee told his landlord that he had filed an appeal of the case. As an initial matter, because most court filings are public records, it does not appear from the minimal allegations of the complaint that Plaintiff had a right to confidentiality in this filing. Regardless, the Florence Magistrate Court is protected from suit by the Eleventh Amendment. The Eleventh Amendment forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974). Although this language does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U. S. 1 (1890), held that the purposes of the Eleventh Amendment (*i.e.*, protection of a state treasury) would not be served if a state could be sued by its citizens in federal court. The Eleventh Amendment also bars this court from granting injunctive relief against the state or its agencies. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996) ("the relief sought by plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment"). State agencies and state instrumentalities, such as the Florence Magistrate Court, share this immunity when they are the alter egos of the state. *See Regents of the University of*

*California v. Doe*, 519 U.S. 425, 429 (1997). It is therefore recommended that the Florence Magistrate Court be summarily dismissed.

III.    Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*[signature]*

September 19, 2011                                    Shiva V. Hodges
Florence, South Carolina                          United States Magistrate Judge